UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GERALD MINER, ) | |
| ) | |
| Movant, ) | |
| ) | |
| vs. ) | Case No. 4:04-CV-00861 JCH |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM AND ORDER**

This matter arises on Movant's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 ("§ 2255 Motion"), filed July 12, 2004 (Doc. No. 1). Respondent filed a motion to dismiss the § 2255 Motion as a second or successive petition. (Doc. No. 6).

**BACKGROUND**

Movant, Gerald Miner ("Movant"), was charged by indictment with three counts of Felon in Possession of a Firearm, in violation of 18 U.S.C. § 922(g); two counts of Possession with Intent to Distribute Cocaine, in violation of 21 U.S.C. § 841(a); one count of Felon in Possession of Ammunition, in violation of 18 U.S.C. § 922(g); and two counts of Use of a Firearm during a Drug Trafficking Offense, in violation of 18 U.S.C. § 924(c)(1). (See 4:95CR137 JCH). On October 13, 1995, a jury found Movant guilty on all eight counts.[1] (Id. at Doc. No. 71). On January 18, 1996, the Court sentenced Movant to 420 months imprisonment, followed by six years supervised release. (Id. at Doc. No. 79). Movant filed a direct appeal to the Eighth Circuit and it affirmed his conviction. United States v. Miner, 108 F.3d 967 (8th Cir. 1997). Movant then filed a motion for a new trial

---

[1] The Government eventually dismissed one count of Possession of Firearms during a Drug Trafficking Offense.

1

based on newly discovered evidence. This Court denied his motion and the Eighth Circuit affirmed. United States v. Miner, 168 F.3d 496 (8th Cir. 1999) (table).

Movant filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 on October 9, 1998. (4:98CV1708 JCH, Doc. No. 1). This Court dismissed fourteen of Movant's fifteen claims, but granted his motion to vacate on one ground, that the Court improperly enhanced his sentence. (Id. at Doc. No. 29). The Court refused to issue a certificate of appealability regarding the dismissed claims and the Eighth Circuit affirmed. (See EMSL 01-3662). The Court resentenced Movant to 300 months and five years supervised sentence and the Eighth Circuit again affirmed. United States v. Miner, 345 F.3d 1004 (8th Cir. 2003). The Supreme Court declined to grant certiorari. (4:95CR137 JCH, Doc. No. 235).

As stated above, Movant filed the instant Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 on July 12, 2004 (Doc. No. 1) and amended it on May 13, 2005 (Doc. No. 11). In his § 2255 Motion, Movant presents the following grounds for relief:

1. Movant was denied ineffective assistance of counsel, in violation of the Sixth Amendment, in that his counsel failed to argue during resentencing and raise on appeal that this Court erred by overruling his request to have jury decide the aggravating factor of attempted murder by a reasonable doubt;

2. Movant's Sixth Amendment right to a jury trial was violated on resentencing when the Court failed to submit to a jury the aggravating factor of attempted murder;

3. Movant was denied ineffective assistance of counsel in violation of the Sixth Amendment in that his counsel failed to object at resentencing to the presentencing report; and

4. His sentence violates his Sixth Amendment rights under United States v. Booker, 543 U.S. 220 (2005).

## STANDARDS GOVERNING MOTIONS UNDER 28 U.S.C. § 2255

Pursuant to 28 U.S.C. § 2255, a federal prisoner may seek relief on the ground that "the

sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack . . . ." 28 U.S.C. § 2255. Claims based on a federal statute or rule, rather than on a specific constitutional guarantee, can be raised "on collateral review only if the alleged error constituted a 'fundamental defect which inherently results in a complete miscarriage of justice.'" Reed v. Farley, 512 U.S. 339, 354 (1994).

The Court must hold an evidentiary hearing to consider claims in a § 2255 motion "'[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief.'" Shaw v. United States, 24 F.3d 1040, 1043 (8th Cir. 1994) (quoting 28 U.S.C. § 2255). Thus, a movant is entitled to an evidentiary hearing "'when the facts alleged, if true, would entitle him to relief.'" Payne v. United States, 78 F.3d 343, 347 (8th Cir. 1996) (quoting Wade v. Armontrout, 798 F.2d 304, 306 (8th Cir. 1986)). The Court may dismiss a claim "'without an evidentiary hearing if the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based.'" Shaw, 24 F.3d at 1043.

## DISCUSSION

### Claims based on Resentencing Hearing

Pursuant to 28 U.S.C. 2244(b)(3), "[b]efore a second or successive application permitted by this section is filed in the district court, an applicant shall move in [the Eighth Circuit] for an order authorizing the district court to consider the application." The Supreme Court does not interpret the phrase "second or successive" in an "overly literal" manner, and recognizes that some types of second petitions do not "implicate the judicially developed abuse of the writ principles that were the basis for [the Antiterrorism and Effective Death Penalty Act of 1996's] statutory restrictions." Vancleave v.

Norris, 150 F.3d 926, 928 n. 2 (8th Cir. 1998) (citing Stewart v. Martinez-Villareal, 523 U.S. 637 (1998)). Other Circuits hold that a § 2255 motion challenging issues that originated during resentencing on a first successful § 2255 motion is not a second or successive petition because it is movant's first opportunity to assert these claims. In re Taylor, 171 F.3d 185, 187-88 (4th Cir. 1999) (cited with approval by Burton v. Stewart, --- S. Ct. ---, 2007 WL 43832 at *5 ( Jan. 9, 2007)); see Vancleave, 150 F.3d at 928 n. 2 (recognizing this interpretation of the phrase "second or successive" without expressly adopting it).[2] Thus, a subsequent 2255 petition will be regarded as a "'first petition' only to the extent that it seeks to vacate the new, amended component of the sentence, and it will be regarded as a 'second' petition to the extent that it seeks to challenge the underlying conviction or seeks to vacate any component of the original sentence that was not amended." Walker v. Crosby, 341 F.3d 1240, 1245 n. 4 (11th Cir.2003) (quoting Galtieri v. United States, 128 F.3d 37-38 (2d Cir. 1997)).

Upon consideration, the Court finds that Grounds One, Two and Three are claims that could not have been brought in his first habeas petition, and following the reasoning of Taylor, the Court will order Respondent to respond within forty-five days of this Order.[3]

### *Booker* **Claim**

In Ground Four, Movant argues that his sentence violated Booker. When the Supreme Court announces a new procedural rule, such as Booker, it applies to all criminal cases still pending on

---

[2]Other circuits follow this reasoning. See, eg., Barapind v. Reno, 225 F.3d 1100, 1112 (9th Cir. 2000)(citing Taylor with approval); United States v. Barrett, 178 F.3d 34, 44 (1st Cir. 1999); Esposito v. United States, 135 F.3d 111, 113-14 (2d Cir. 1997); Walker v. Roth, 133 F.3d 454, 455 (7th Cir. 1997); United States v. Scott, 124 F.3d 1328, 1329 (10th Cir. 1997).

[3] The Court, however, will not treat the Respondent as having violated the Case Management Order of September 23, 2004 because it properly asked the Court to hold the date of response in abeyance while its motion to dismiss was pending before the Court.

direct review, but only applies to convictions that are already final in limited circumstances. Never Misses A Shot v. United States, 413 F.3d 781, 783 (8th Cir. 2005). New procedural rules generally do not apply retroactively unless the rule is of "watershed" magnitude implicating the "fundamental fairness and accuracy of the criminal proceeding." Schriro v. Summerlin, 542 U.S. 348 (2004). The Eighth Circuit holds that the Booker rule does not benefit a movant on collateral review if movant's conviction became final before the rule was announced.[4] See Lefkowitz v. United States, 446 F.3d 788, 791 (8th Cir. 2006); United States v. Hernandez, 436 F.3d 851, 855 (8th Cir. 2006) (holding Booker is not retroactive); Never Misses A Shot, 413 F.3d at 783-784 (collecting authority from other circuits). Movant's judgment became final before Booker was decided by the Supreme Court. Thus, Movant cannot bring a claim based on these rules. Ground Four will be dismissed.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Movant's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 ( Doc. No. 1) is **DENIED** in part and Ground Four is **DISMISSED**.

**IT IS FURTHER ORDERED** that Respondent's Motion to Dismiss Case as a Successive 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct Sentence (Doc. No. 6) is **DENIED**.

**IT IS FURTHER ORDERED** that the Respondent shall show cause, in writing and within forty-five (45) days of this Order, why the relief requested in Ground One, Ground Two, and Ground

---

[4]The Supreme Court recently granted certiorari to determine whether Blakely applied retroactively on collateral review. See Burton v. Stewart,--- S.Ct. --- , 2007 WL 43832 (Jan. 9, 2007). The Court, however, did not answer this question because petitioner failed to comply with 28 U.S.C. § 2244(b).

5

Three of Movant's § 2255 Motion should not be granted. **This response must address the merits of all grounds in addition to any procedural issues which may be relevant, with specific citation to the record. Furthermore, respondent must include a case summary, briefly identifying each of movant's grounds for relief, and respondent's defense on that ground. Finally, with respect to claims of ineffective assistance of counsel, respondent shall provide either a sworn affidavit from the trial/appellate counsel, or the transcript from any hearing on the issue.**

**IT IS FURTHER ORDERED** that Movant's Motion for a Writ of Mandamus (Doc. No. 25) is **DENIED**.

**IT IS FURTHER ORDERED** that because Petitioner cannot make a substantial showing of the denial of a constitutional right in Ground Four, the Court will not issue a certificate of appealability regarding that ground. See Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997), cert. denied, 119 S. Ct. 89 (1998).

Dated this 16th day of January, 2007.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE