UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GERALD MINER, ) | |
| ) | |
| Movant, ) | |
| ) | |
| vs. ) | Case No. 4:04-CV-861 JCH |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM AND ORDER**

This matter arises on Movant's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 ("§ 2255 Motion"), filed July 12, 2004 (Doc. No. 1). The matter is now fully briefed and ready for a decision.

**BACKGROUND**

Movant Gerald Miner ("Movant") was charged by indictment with three counts of Felon in Possession of a Firearm, in violation of 18 U.S.C. § 922(g); two counts of Possession with Intent to Distribute Cocaine, in violation of 21 U.S.C. § 841(a); one count of Felon in Possession of Ammunition, in violation of 18 U.S.C. § 922(g); and two counts of Use of a Firearm during a Drug Trafficking Offense, in violation of 18 U.S.C. § 924(c)(1). (See 4:95CR137 JCH). On October 13, 1995, a jury found Movant guilty on all eight counts.[1] (Id. at Doc. No. 71). On January 18, 1996, the Court sentenced Movant to 420 months imprisonment, followed by six years supervised release. (Id. at Doc. No. 79). Movant appealed his convictions, and the Eighth Circuit affirmed them. United States v. Miner, 108 F.3d 967 (8th Cir. 1997). Movant then filed a motion for a new trial based on

---

[1]The Government eventually dismissed one count of Possession of Firearms during a Drug Trafficking Offense.

1

newly discovered evidence. The Court denied his motion, and the Eighth Circuit affirmed the denial. United States v. Miner, 168 F.3d 496 (8th Cir. 1999) (table).

Movant filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 on October 9, 1998. (4:98CV1708 JCH, Doc. No. 1). The Court dismissed fourteen of his fifteen claims, but granted one claim, that the Court improperly enhanced his sentence. (Id. at Doc. No. 29). The Court refused to issue a certificate of appealability regarding the dismissed claims, and the Eighth Circuit affirmed this refusal. (See EMSL 01-3662). The Court resentenced Movant to 300 months imprisonment followed by five years supervised release, and the Eighth Circuit affirmed this new sentence. United States v. Miner, 345 F.3d 1004 (8th Cir. 2003). The Supreme Court declined to grant certiorari. (4:95CR137 JCH, Doc. No. 235).

As stated above, Movant filed the instant Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 on July 12, 2004 (Doc. No. 1) and amended it on May 13, 2005 (Doc. No. 11). In his § 2255 Motion, Movant presents the following grounds for relief:[2]

- I. Movant was denied ineffective assistance of counsel, in violation of the Sixth Amendment, when counsel failed to argue during resentencing and raise on appeal that this Court erred by not requiring the Government to prove the aggravating sentencing factor of attempted murder to a jury decide beyond a reasonable doubt;

- II. Movant's Sixth Amendment right to a jury trial was violated on resentencing when the Court failed to submit to a jury the aggravating factor of attempted murder;

- III. Movant was denied ineffective assistance of counsel in violation of the Sixth Amendment when counsel failed to object to the presentencing report ("PSR"); and

- IV. His sentence violates his Sixth Amendment rights under United States v. Booker, 543 U.S. 220 (2005).

On November 5, 2004, Respondent filed a motion to dismiss arguing that the § 2255 Motion was a

---

[2]The Court has reorganized Movant's claims for the sake of clarity.

successive motion. (Doc. No. 6). On January 16, 2007, the Court dismissed Claim IV and ordered Respondent to provide additional briefing on Claims I-III. (Doc. No. 26).

**STANDARDS GOVERNING MOTIONS UNDER 28 U.S.C. § 2255**

Pursuant to 28 U.S.C. § 2255, a federal prisoner may seek relief on the ground that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack . . . ." 28 U.S.C. § 2255. Claims based on a federal statute or rule, rather than on a specific constitutional guarantee, can be raised "on collateral review only if the alleged error constituted a 'fundamental defect which inherently results in a complete miscarriage of justice.'" Reed v. Farley, 512 U.S. 339, 354 (1994).

The Court must hold an evidentiary hearing to consider claims in a § 2255 motion "'[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief.'" Shaw v. United States, 24 F.3d 1040, 1043 (8th Cir. 1994) (quoting 28 U.S.C. § 2255). Thus, a movant is entitled to an evidentiary hearing "'when the facts alleged, if true, would entitle him to relief.'" Payne v. United States, 78 F.3d 343, 347 (8th Cir. 1996) (quoting Wade v. Armontrout, 798 F.2d 304, 306 (8th Cir. 1986)). The Court may dismiss a claim "'without an evidentiary hearing if the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based.'" Shaw, 24 F.3d at 1043.

**Claim I**

Claim I[3] alleges Movant received ineffective assistance of counsel when his counsel failed to

---

[3] Movant concedes that "the law at the time" makes "th[is] claim meritless." (Reply, Doc. No. 33 pf. 2). Despite this concession, the Court will still address Claim I in order to prevent any confusion.

3

argue that his sentencing factor[4] of attempted murder must be proved to a jury beyond a reasonable doubt. (§ 2255 Motion, Doc. No. 1). Respondent asserts that his counsel's performance was not deficient.

In order to prevail on a claim of ineffective assistance of counsel, Movant must show that his attorney's performance was "deficient," and that the deficient performance was "prejudicial." Strickland v. Washington, 466 U.S. 668, 687 (1984). Counsel is "strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Id. at 690. To overcome this presumption, Movant must prove that, "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." Id.

Even if Movant satisfies the performance component of the analysis, he is not entitled to relief unless he can prove sufficient prejudice. Id. at 691. Movant must prove that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.

At Movant's resentencing, the controlling precedent held that a sentencing factor resulting in a sentence beyond the statutory maximum must be proved beyond a reasonable doubt. United States v. Diaz, 296 F.3d 680, 683 (8th Cir. 2002) (en banc) (discussing Apprendi v. New Jersey, 530 U.S. 466 (2000)). The Sentencing Guidelines, however, require that multiple convictions must run consecutively if the maximum sentence under any one count does not reach the total punishment

---

[4] The relevant enhancement was an increase in the base offense level from twenty to twenty-eight. The Sentencing Guidelines provide a base offense level of twenty for a firearms conviction. U.S. Sentencing Guidelines Manual § 2K2.1(a)(4) (1994). If the weapon was used in the commission of another offense, then the base offense level from the other offense is applied. Id. at § 2K2.1(c)(1). The base offense level for assault with the intent to commit Murder is twenty-eight. Id. at § 2A2.1(a)(1). Thus, a base level of twenty-eight was applied.

calculated by the guidelines. U.S. Sentencing Guidelines Manual § 5G1.2(d) (1994). The Eighth Circuit, sitting en banc, unanimously held that this method is constitutional so long as each individual sentence does not exceed the statutory maximum. Diaz, 296 F.3d at 684.

Upon consideration, Movant's aggravating sentencing factor did not need to be proved beyond a reasonable doubt. Movant was sentenced to 240 months for violating 21 U.S.C. § 841(a)(1) and another 60 months, to be served consecutively, for violating 18 U.S.C. § 924(c)(1). (4:95CR137 JCH, Doc. No. 236). The maximum statutory sentence for Movant's violation of 21 U.S.C. § 841(a)(1) is 240 months. 21 U.S.C. § 841(b). The maximum statutory sentence for Movant's violation of 18 U.S.C. § 924(c)(1) is 60 months. 18 U.S.C. § 924(c)(1)(A)(i). Movant was sentenced to 300 months. (4:95CR137 JCH, Doc. No. 236). Thus, Movant's sentence complied with Diaz, and his counsel was not deficient for failing to make a meritless objection. Thomas v. United States, 951 F.2d 902, 904 (8th Cir. 1992); see Blankenship v. United States, 159 F.3d 336, 338 (8th Cir. 1998)(holding movant cannot show prejudice when counsel fails to file a meritless objection). Claim I is denied.

Claim II

Claim II alleges that the Court erred because it applied the aggravating sentencing factor of attempted murder even though it was not proved to a jury beyond a reasonable doubt. (§ 2255 Motion, Doc. No. 1). The Court will deny Claim II for the same reasons it denied Claim I.

Claim III

Claim III alleges ineffective assistance of counsel because his counsel failed to object to his PSR. Movant alleges three specific errors. First, Movant alleges that counsel failed to argue that his counts were improperly grouped. (Doc. No. 1. Ex. A pg. 28). Second, Movant alleges that counsel

failed to object to the criminal history points total. (Id. at pg. 35). Finally, he alleges that counsel failed to argue that the Court misapplied the Sentencing Guidelines. (Id. at pg. 19). The Court's application of § 2K2.1(c)(1) allegedly violated § 2K2.4 nt. 2. (Id.).

As previously stated, in order to prevail on a claim of ineffective assistance of counsel, Movant must show that his attorney's performance was "deficient," and that the deficient performance was "prejudicial." Strickland v. Washington, 466 U.S. 668, 687 (1984). Counsel is "strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Id. at 690. To overcome this presumption, Movant must prove that, "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." Id.

Even if Movant satisfies the performance component of the analysis, he is not entitled to relief unless he can prove sufficient prejudice. Id. at 691. Movant must prove that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.

### Grouping of Movant's Counts

Prior to the resentencing, Movant's counsel objected to "the entire method of the guidelines calculation." (95CR137 JCH, PSR, Doc. No. 211). Due to these concerns, the Court issued an Order discussing why Movant's sentence was properly calculated. (4:95CR137 JCH, Order of Sept. 30, 2002, Doc. No. 207). This Order included a discussion about the grouping of Movant's counts. (Id. at pg. 7-8). On appeal, the Eighth Circuit held that the Court's conclusions were proper. United States v. Miner, 345 F.3d 1004, 1006 (8th Cir. 2003). Counsel's performance is not deficient when he raises an issue with the Court and loses. Thus, this claim is denied.

### Calculation of his Criminal History

6

Movant alleges that his criminal history points total was improperly calculated, and counsel's failure to object rendered his assistance ineffective. Movant alleges that he was prejudiced because his improperly calculated total placed him in Criminal History Category V.

Under the Sentencing Guidelines, three point are added to the criminal history total for each prior sentence of imprisonment exceeding one year and a one month, two points for each sentence of imprisonment over sixty days, and one point for all other sentences of imprisonment. U.S. Sentencing Guidelines Manual § 4A1.1(a)-(c) (1994). A sentence of imprisonment is "a sentence of incarceration and refers to the maximum sentence imposed." Id. at § 4A1.2(b)(1). If part of a sentence of imprisonment is suspended, the sentence refers only to the portion that was not suspended. Id. at § 4A1.2(b)(2).

Movant had three prior sentences that each received one point. (4:95CR137 JCH, Doc. No. 211). Movant had two prior sentences that received three points. (Id.). Movant alleges that the Court misapplied § 4A1.1 because none of his three point prior sentences resulted in a sentence of imprisonment exceeding one year. (Doc. No. 1 pg. 35). This argument is inapplicable to his prior conviction for illegal possession of cocaine because no part of that two year sentence was suspended. (4:95CR137 JCH, Doc. No. 211 at pg. 8). Even assuming that his other three point sentence was reduced to a one point sentence, he would still have a criminal history total of ten points. A criminal history points total of ten places Movant in Criminal History Category V. U.S. Sentencing Guidelines Manual § 5 pt. A (1994). Thus, Movant cannot show prejudice because the alleged error did not result in a longer sentence. This claim is denied.

Application of § 2K2.1(c)

On direct appeal, the Eighth Circuit held that this Court properly applied § 2K2.1(c). United

7

States v. Miner, 108 F.3d 967, 970 (8th Cir. 1997). Because the Eighth Circuit's opinion was the controlling precedent regarding this issue, any objection to the application of § 2K2.1(c) during resentencing would have been meritless. Counsel is not deficient for failing to make meritless objections. Thomas, 951 F.2d at 904. Thus, this claim is denied.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Movant's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (Doc. No. 1) is **DENIED** and his claims are **DISMISSED** with prejudice. A separate Order of Dismissal will accompany this Memorandum and Order.

**IT IS FURTHER ORDERED** that because Movant cannot make a substantial showing of the denial of a constitutional right, the Court will not issue a certificate of appealability. See Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997), cert. denied, 119 S. Ct. 89 (1998).

**IT IS FURTHER ORDERED** that Movant's Motion for Evidentiary Hearing (Doc. No. 34) is **DENIED** as moot.

**IT IS FURTHER ORDERED** that Movant's Motion to Appoint Counsel (Doc. No. 35) is **DENIED** as moot.

Dated this 2nd day of May, 2007.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE